Ji Xin LIANG, Petitioner,

v.

IMMIGRATION AND
NATURALIZATION SERVICE,
Respondent.

No. 01–70295.

INS. No. A71 567 596.

United States Court of Appeals,
Ninth Circuit.

Submitted July 12, 2002.*

Decided July 30, 2002.

Before CANBY and RYMER, Circuit
Judges, and BERTELSMAN,** District
Judge.

MEMORANDUM***

Petitioner Ji Xin Liang, a native and
citizen of China, seeks review of a final
order of the Board of Immigration Appeals
(BIA). That order affirmed the Immigration
Judge's (IJ) order denying petitioner's
applications for asylum and withholding of
deportation. Petitioner alleges fear of future
persecution upon his re-entry to China
based on past events that he believes
reach the level of persecution required under
8 U.S.C. § 1101(a)(42)(A). We have
jurisdiction pursuant to 8 U.S.C.
§ 1105a(a). *See Avetova–Elisseva v. INS,*
213 F.3d 1192, 1195 n. 4 (9th Cir.2000).
We review the BIA's decision under the
substantial evidence standard, *INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct.
812, 815, 117 L.Ed.2d 38 (1992), and we
deny the petition.

Persecution is an "extreme concept" that
includes the "infliction of suffering or
harm." *Korablina v. INS,* 158 F.3d 1038,
1043–44 (9th Cir.1998) (citations omitted).
Petitioner must demonstrate a well-founded
fear of future persecution by establishing
a genuine fear of persecution and by

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** The Honorable William O. Bertelsman, Senior United States District Judge for the Eastern District of Kentucky, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

introducing credible, direct and specific evidence supporting an objectively reasonable fear of persecution. *Singh v. INS*, 134 F.3d 962, 966 (9th Cir.1998).

The IJ credited petitioner's testimony, but found that the events petitioner described did not rise to the level of persecution. Petitioner testified that after riding in a stolen truck, he was arrested and served one month detention in prison and a year in a Chinese labor camp where he underwent reeducation and was forced to perform hard labor. He also testified that for contributing the equivalent of approximately six dollars to a pro-democracy movement that he was detained overnight and questioned on the anniversary of his arrest in 1990, 1991 and 1992.

We agree with the IJ that while petitioner's fear of future persecution because of these events may be subjectively genuine, he has failed to demonstrate that his fear is objectively reasonable. Petitioner's arrest, detention and commitment to a labor camp were a result of his activities with the stolen truck, not of political activities. He has failed to present evidence that he was treated differently from any other citizen who was charged with a crime or that he would be persecuted upon his return based on these activities.

Although petitioner's overnight detention and questioning for his monetary contribution was politically based, we find that it does not rise to the level of persecution under the law. While we might find these actions of the Chinese government against petitioner to be abhorrent, persecution is "an extreme concept that does not include every sort of treatment our society regards as offensive." *Ghaly v. INS*, 58 F.3d 1425, 1431 (9th Cir.1995) (citations omitted). Further, although petitioner testified at his hearing that he would be persecuted as a citizen who left China illegally but was forced to return via deportation, he failed to argue this in his appeal to the BIA. Hence, we find that he has abandoned this argument.

Accordingly, we find that substantial evidence supports the BIA's finding that petitioner failed to establish a well-founded fear of future persecution.

PETITION DENIED.